IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONE STAR DOCUMENT MANAGEMENT, LLC, § § Plaintiff, § § v. § § ATALASOFT, INC., *et al.*, § § Defendant § | Civil Action No. 2:11-CV-00319-JRG |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Pending before the Court are Defendant Compulink Management Center, Inc.'s ("Compulink") Rule 12(b)(6) Motion to Dismiss (Dkt. No. 38) and Motion to Strike Plaintiff's Response To Defendant's Notice of Supplemental Authority In Support of Rule 12(b)(6) Motion To Dismiss (Dkt. No. 76). For the reasons discussed below, Compulink's Motion to Dismiss (Dkt. No. 38) is **DENIED-IN-PART** and **GRANTED-IN-PART**, and Compulink's Motion to Strike (Dkt. No. 76) is **DENIED AS MOOT.**

**II.    Factual and Procedural Background**

Plaintiff Lone Star Document Management, LLC ("Lone Star") filed this case on July 13, 2011. (Dkt. No. 1). On December 27, 2011, Plaintiff filed an Amended Complaint, adding Compulink as a defendant. Lone Star claims Compulink is liable for claims of patent infringement by "making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, systems, services and/or products, and/or by undertaking processes, embodying the patented inventions and designs without authority." (Dkt. No. 33 ¶15).

Additionally, Lone Star claims Compulink "is actively, intentionally, and/or knowingly inducing or contributing to infringement of the '082 Patent by others." *Id.*

Compulink argues Lone Star's Complaint should be dismissed because it fails to adequately meet the pleading requirements under Federal Rule of Civil Procedure 8(a). (Dkt. No. 38 at 6-7). Specifically, Compulink argues Lone Star fails to clearly identify the following: whether Defendant directly or indirect infringes the '082 patent; which of the twenty-one claims of the '082 patent Defendant allegedly infringes; which "systems, services, and/or products" of Defendant directly or indirectly infringes the '082 patent; and any specific party that Defendant allegedly induced to infringe the '082 patent. (Dkt. No. 38 at 6).

### III.   Applicable Law

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir.2005)); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982)).

In this case, the Complaint alleges both direct and indirect infringement. Because these two claims carry different pleading standards, they are addressed separately below.

### a. Direct infringement

In its Motion to Dismiss and supporting arguments, Compulink discusses the *Iqbal* and *Twombly* pleading standards and directs the Court's attention to several cases requiring the plaintiff to specifically identify allegedly infringing products. (Dkt. No. 38 at 8-9); *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) *and Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that a complaint must allege sufficient facts to establish a plausible claim.). However, the Federal Circuit has recently clarified the pleading requirement for direct and indirect infringement in its *In re Bill of Lading* ruling. 681 F.3d 1323 (Fed. Cir. 2012). In that case, the Federal Circuit held that *Twombly* does not "address the sufficiency of a complaint alleging patent infringement or causes of action for which there is a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure." *In re Bill of Lading*, 681 F.3d at 1334.

Thus, *In re Bill of Lading* teaches that when plaintiff sufficiently pleads the elements of Form 18, that plaintiff will satisfy the pleading requirements for a claim of direct infringement. *Id.* "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Id.* at 1335 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.Cir.2007). "Indeed, a plaintiff need not even identify which claims it asserts are being infringed." *Id.* "Accordingly, to the extent that [a party argues] that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control." *In re Bill of Lading*, 681 F.3d at 1334.

To meet the pleading requirements established by *In re Bill of Lading*, Lone Star must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.*

### b. Indirect infringement

Unlike a plaintiff's claims of direct infringement, Form 18 is not relevant when examining claims of indirect infringement. *In re Bill of Lading*, 681 F.3d at 1336 (supporting various district courts' findings that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."). Instead, "[d]etermining whether a complaint states a plausible claim for relief is a very "context-specific task." *Id.* at 1337 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). It is from this vantage point that Lone Star's claims that Compulink is inducing or contributing toward infringement by others must be judged.

*1. Contributory Infringement*

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (citing 35 U.S.C. § 271(c) (2006)). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.

"In the context of a claim of contributory infringement under Section 271(c), a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* (quoting *Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327–29 (Fed.Cir.2009)). To maintain a claim of contributory infringement, the plaintiff must plead that the defendant's device or process has no other non-infringing use. *See In re Bill of Lading*, 681 F.3d at 1337 ("For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes other than infringement.").

### 2. Induced Infringement

Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b) (2006). To survive a motion to dismiss, the plaintiff's complaint "must contain facts plausibly showing [the defendant] specifically intended [its] customers to infringe the patent and knew the customer's [sic] acts constituted infringement." *Id.* at 1339. However, this does not mean that the plaintiff must prove its case at the pleading stage. *Id.*

While a plaintiff must include facts indicating an intention to cause infringement, it does not have to show that such these facts are probable. *Id.* at 1341 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) ("The plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the misconduct alleged.'"). "To state a claim for indirect infringement, therefore, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

**IV.    Analysis**

    **a.  Direct Infringement**

In its Amended Complaint, Lone Star meets the first two requirements of Form 18 by stating an allegation of jurisdiction (Dkt. No. 33 ¶4-5) and by claiming ownership of the patent. *Id.* ¶6. Lone Star meets the third requirement of Form 18 by claiming Compulink is "making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, systems, services and/or products, and/or by undertaking processes, embodying the patented inventions and designs without authority." *Id.* ¶15. Further, Lone Star uses the information available to it at this stage of the trial to identify the three software products ("Laserfiche", "Laserfiche Rio" and "Laserfiche Avante") it believes infringe the '082 patent. (Dkt. No. 59, at 2-3). Additionally, Lone Star further complies with Form 18 because Compulink received notice of its alleged infringement when Lone Star served them with the lawsuit. Finally, Lone Star meets the final requirement of Form 18 by demanding relief. *Id.* at 5.

The Court concludes that Lone Star follows the format of Form 18. Therefore, the Plaintiff meets the pleading requirements established by *In re Bill of Lading* as to its claims of direct infringement.

### b. Indirect Infringement

With regard to Lone Star's claims of indirect infringement, Compulink argues Lone Star fails to identify both which "systems, services, and/or products" directly or indirectly infringes the '082 patent and any specific party that Defendant allegedly induced to infringe the '082 patent. (Dkt. No. 38 at 6). Lone Star claims both inducement and contributory indirect infringement.

As to contributory infringement, Lone Star does not include any discussion of other uses for Compulink's device nor does it claim that there is not any substantial non-infringing use for the products at issue. Nowhere in the entire Amended Complaint does Lone Star mention any

alternative use for Compulink's products. Lone Star, consequently, fails to adequately plead contributory infringement.

Lone Star does, however, meet the requirements to maintain a claim of indirect infringement by inducement. As support for its claim of indirect infringement, Lone Star argues that Compulink "has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas." (Dkt. No. 33 ¶5).

As noted above, "to state a claim [in the Fifth Circuit] for indirect infringement … a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336 (emphasis in original). Here, Lone Star generically identifies direct infringers as the "end users in the Eastern District of Texas." (Dkt. No. 33 ¶5). As this Court has previously held, this is sufficient to survive a Motion to Dismiss. *See Lochner Technologies, LLC v. AT Labs Inc., et al.*, Case No. 2:11-cv-242-JRG, 2012 WL 2595288, at *4 (July 5, 2012) (rejecting motion to dismiss when plaintiff identified direct infringers as "end users of the above-referenced products.").

Because Lone Star sufficiently pleads the elements of Form 18 and identifies a direct user, its claims for direct infringement and indirect infringement by inducement are maintained. However, because Lone Star does not include any claim regarding alternative use for Compulink's products, it cannot maintain a claim for contributory indirect infringement.

**V.  Conclusion**

The Court finds Plaintiff sufficiently met the broad and liberal pleading standard for direct infringement, established in the Federal Circuit's *In re Bill of Lading* case. The Court also

finds Plaintiff sufficiently pleads its claim for inducement. However, by not alleging alternative uses for Defendant's products, Plaintiff cannot maintain its present claim for contributory indirect infringement. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 38) is **DENIED-IN-PART** as it relates to Plaintiff's claims of direct infringement and inducement and is **GRANTED-IN-PART** as it relates to Plaintiff's claims of contributory indirect infringement. Consistent with the above, Plaintiff is granted leave to amend its Complaint within fourteen (14) days of this order so that it may re-plead its claims of contributory indirect infringement consistent with the guidance contained in this opinion.

Additionally, the authority supplied in Defendant's Supplemental Authority brief (Dkt. No. 71) predates the Federal Circuit's *In re Bill of Lading* decision and is therefore moot. Defendant's Motion to Strike is **DENIED AS MOOT.**

**So ORDERED and SIGNED this 11th day of September, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE